IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| KELSEY MEGAN NOEL, | ) | Case No.  05-21761 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| TRACY L. ZUBROD, Trustee of the | ) | |
| Bankruptcy Estate of Kelsey Megan Noel, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 08-2002 |
| | ) | |
| KELSEY MEGAN NOEL, | ) | |
| | ) | |
| Defendant. | ) | |

FILED
3:01 pm, 6/17/08
Joyce W. Harris
Clerk of Court

## ORDER ON MOTION FOR DEFAULT JUDGMENT ON COMPLAINT TO REVOKE DEBTOR'S DISCHARGE

The Motion for Default Judgment filed by Tracy L. Zubrod, Trustee ("Trustee") came before the court for hearing on June 5, 2008. The Defendant/Debtor, Kelsey Megan Noel, ("Debtor") did not appear. Upon consideration of the Trustee's motion and other pleadings, and being fully advised, the Court finds:

1. The Debtor filed her chapter 7 bankruptcy petition on August 25, 2005.

2. The meeting of creditors was held on September 27, 2005.

3. The bankruptcy estate included $3,77.50, as the pre-petition portion of the Debtor's 2005 federal income tax refund and wages in the amount of $500.00 as of the date the bankruptcy petition was filed.

4. The Debtor failed to turn over to the Trustee the property of the bankruptcy estate.

5. The Debtor's discharge was entered on November 29, 2005.

6. An order granting Trustee's Motion to Compel Turnover and Cooperation was entered by the Court on August 3, 2006. The Debtor was ordered to turnover to the Trustee that portion of her 2005 federal income tax return that was property of the bankruptcy estate no later than August 16, 2006.

7. The Order was mailed to the Debtor's address that she provided to the court.

8. The Debtor did not provide the income tax refund to the Trustee, in violation of this Court's order.

9. The service of the Complaint to Revoke Debtor's Discharge upon the Debtor was accomplished on January 18, 2008. The Defendant has failed to plead or otherwise defend.

10. The default was duly entered by the Clerk of this Court on May 20, 2008.

The bankruptcy code states that the trustee may request a revocation of a debtor's discharge before the later of one year after: (1) the granting of such discharge; or (2) the case is closed, if the debtor has refused to obey any lawful order of the court. 11 U.S.C. §§727 (e), (d)(3) and (a)(6)(A). Because Congress used the term "refused," the trustee seeking a revocation must establish that the debtor willfully and intentionally refused to obey the court's order. The burden may be met by showing that the debtor received the order in question and simply failed to comply with its terms. The trustee can establish

that the debtor refused to obey a court's order if the court mailed the order to the address listed by debtor on his petition. *In re Ireland*, 325 B.R. 836 (E.D. Missouri 2005).

In the case before this court, the case has not been closed. Therefore, 11 U.S.C. 727(e) is applicable granting the court jurisdiction. The Trustee provided facts to establish that the Debtor was properly mailed the Order Granting Trustee's Motion to Compel Turnover and Cooperation and refused to obey or comply. The Debtor did not turn over that portion of the 2005 tax refund to the Trustee that was estate property, after having received it from the Internal Revenue Service after March 26, 2007. The Debtor was properly served with the Motion for Default Judgment and has failed to plead or otherwise respond. Therefore, the motion for entry of a default judgment should be granted.

The Trustee requests that the court enter a judgment against the Debtor in the amount of $4,077.50. The Oklahoma bankruptcy court entered a judgment against the debtor for the amount that the debtor was obligated to pay the estate. *In re Baber*, Case No. 06-11629-R, Adv. No. 07-1066-R, 2007 U.S. Dist. LEXIS 3643 (N.D. Okla. Bankr., October 22, 2007). A debtor is required to pay over the value of non-exempt property to the trustee even after the discharge is either denied or revoked. *In re Kasden*, 209 B.R. 239 (8th Cir. BAP 1997). A trustee is entitled to a judgment equal to the value of the non-exempt property. *In re Muniz*, 320 B.R. 697, 702 (Bankr. D. Colo. 2005). In this case, a judgment should be entered against the Debtor in the amount of $4,077.50 as the

value of the bankruptcy estate.

Finally, the Trustee requests a judgment for the costs of the adversary filing fee if funds are ever recovered from the Debtor. Fed. R. Bankr. P. Rule 7053 states that unless a federal statute, the bankruptcy rules or a court other provides otherwise, costs, other than attorneys fees should be allowed to the prevailing party. Therefore, judgment shall be entered against the Debtor for the costs of the adversary filing fee.

IT IS ORDERED that a default judgment shall be granted and Debtor's discharge is hereby revoked;

IT IS FURTHER ORDERED that a judgment is entered against the Debtor in the amount of $4,077.50; and

IT IS FINALLY ORDERED that a judgment for the cost of the adversary filing fee in the amount of $250.00 is also entered against the Debtor.

DATED this ___16___ day of June, 2008.

By the Court

_____
HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
    Tracy Zubrod
    Kelsey Noel